Ramsey Hanafi, SBN 262515
QUINTANA HANAFI LLP
1939 Harrison St., Ste. 202
Oakland, CA 94612
Tel.: (415) 504-3121
Fax: (415) 233-8770
info@qhplaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GENOSA, an individual<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL K9 PROTECTION GROUP, LLC, an Alabama Limited Liability Corporation<br><br>Defendant. | CASE NO. '24CV0063 AJB  BLM<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Discrimination in Violation of California Military and Veterans Code § 389;<br>2. Discrimination in Violation of 38 U.S.C. § 4311;<br>3. Retaliation in Violation of California Labor Code § 1102.5; and,<br>4. Wrongful Termination in Violation of Public Policy.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff VINCENT GENOSA alleges and complains against Global K9 Protection Group, LLC, ("Defendant" or "Global K9") as follows:

**JURISDICTION AND VENUE**

1. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 because the action arises under the Constitution and laws of the United States, specifically 38 U.S.C. § 4311 *et seq*. The Court also has jurisdiction over the Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367 because they arise from the same case or controversy as Plaintiffs' federal claims, and both sets of claims share a common nucleus of operative fact. Adjudication of Plaintiffs' state law claims together with Plaintiff's federal law claims furthers the interest of judicial economy.

2. The United States District Court for the Southern District of California has personal jurisdiction over Defendant because Global K9 conducts business in this District and many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

3. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the District.

## THE PARTIES

4. At all relevant times, Plaintiff has resided in the State of California and was the employee of Defendant.

5. Plaintiff Vincent Genosa is a natural person who was employed by Defendant as a K9 handler from in or around November 19, 2018 to February 4, 2021.

6. Defendant Global K9 Protection Group, LLC is a privately-held limited liability company organized in Alabama with its corporate headquarters and primary place of business in Opelika, Alabama.

## FACTUAL BACKGROUND

7. Plaintiff began working for Defendant Global K9 Protection Group, LLC ("Global K9" or "Defendant") on or about November 19, 2018. Plaintiff worked as a dog handler for dogs Defendant had trained as explosives-detection canines.

8. From October 14, 2020, until November 9, 2020, Plaintiff was on a leave of absence pursuant to his duties as a member of the California National Guard. Plaintiff was deployed to support firefighters and police battling California wildfires. Plaintiff provided Defendant with a paper copy of his orders and reported for duty.

9. Shortly after his return from leave, Plaintiff was informed that he had been

"overpaid" while on leave, and owed Defendant $7,765.62. Plaintiff disputed that he had been overpaid, and informed Defendant that even if they were correct, it was unlawful for them to force him to return wages already paid. Plaintiff refused to voluntarily return any money to Defendant.

10. In response, Global K9 told Plaintiff that if he did not agree to pay back the alleged overpayment by February 5, 2021, it would be considered theft, and he would be fired. Global K9 also stated that if funds were not returned, Plaintiff would be sued in court and added to a contractor job blacklist. Plaintiff was told by his employer they could not have employees like him on their payroll "who aren't working."

11. Throughout Plaintiff's employment with Defendant, Plaintiff had previously taken guard duty related leave on at least one occasion wherein he received his typical monthly salary. At no point was Plaintiff required to reimburse any or all parts of the wages received for any prior such leave.

12. On or about February 6, 2021, Defendant asserted that "[Plaintiff] may have been paid erroneously … during … military leave." Nonetheless, Defendant asserted that they were "not concerned with recouping years prior to 2020."

13. Since Plaintiff disputed that he owed Defendant any money, he did not agree to Defendant's terms. Plaintiff's employment ended on February 4, 2021, when Plaintiff involuntarily resigned from employment, the day before Defendant informed him he would have been fired for alleged "theft".

**FIRST CAUSE OF ACTION**
**VIOLATION OF PROTECTED MILITARY LEAVE**
**(California Military and Veteran's Code § 389 et seq.)**

14. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

15. Plaintiff was a member of the California National Guard and was deployed pursuant to orders of the Department of Defense on October 14, 2020, for 25 days.

16. In violation of California Military and Veterans Code section 394, subdivisions

(a) and (b) Plaintiff was unlawfully discriminated against, prejudiced in the terms, conditions, or privileges of his employment, and discharged by his employer because of his membership in the armed forces and/or because of the performance of his ordered military duties.

17. Specifically, Defendant unlawfully demanded Plaintiff repay Defendant wages it had already paid during his leave under the threat of termination for alleged "theft," and told Plaintiff that he could no longer be employed with Defendant if he "wasn't working" (i.e., on protected military leave). These actions violated those California Military and Veterans Code provisions cited herein as well as the applicable California Labor Code and IWC Wage Order(s) governing the payment and retention of wages.

18. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Plaintiff sustained damages, including actual damages in an amount to be established at trial, and is entitled to recover attorneys' fees and costs of suit.

Wherefore, Plaintiff pray for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**VIOLATION OF PROTECTED MILITARY LEAVE (USERRA)**
**(USC Title 38, § 4311 et seq.)**

19. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

20. Plaintiff was a member of the California National Guard and was deployed pursuant to orders of the Department of Defense on October 14, 2020, for 25 days.

21. In violation of USC Title 38, § 4311, subdivisions (a) and (b), Plaintiff was unlawfully discriminated against and discharged by his employer because of his membership in the armed forces.

22. Defendant's unlawful request for repayment of already paid wages and threat of termination is a violation of those United States Code provisions herein, as well as the applicable California Labor Code and IWC Wage Order(s).

23. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Plaintiff sustained damages, including actual damages, and are entitled to recover

attorneys' fees and costs of suit.

Wherefore, Plaintiff pray for judgment as set forth below.

### THIRD CAUSE OF ACTION
### RETALIATION
### (Cal. Labor Code 1102.5)

24. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

25. Plaintiff's employment was terminated in violation of California Labor Code sections 1102.5(b) and (c) because he disclosed information that he had reasonable cause to believe constituted a violation of state or federal law to Defendant's management, including violations of state and federal laws regulating unlawful recoupment of wages, and state and federal laws prohibiting unlawful discharge or discrimination of employees as a result of their military service, and Plaintiff further refused to participate in said unlawful conduct of repaying wages already earned to Defendant.

26. Plaintiff's disclosure of these violations to his employer was a contributing factor in his termination, as Defendant repeatedly threatened Plaintiff's employment if he did not return the wages he earned during leave, or if he continued to take such protected leave.

27. As a direct and proximate result of his termination, Plaintiff has suffered harm including lost wages and emotional distress in an amount to be proven at trial.

28. On information and belief, in doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

Wherefore, Plaintiff pray for judgment as set forth below.

### FOURTH CAUSE OF ACTION
### WRONGFUL TERMINATION/CONSTRUCTIVE DISCHARGE

29. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

30. At all times mentioned, the public policy of the State of California and the United States to protect the rights of US service members who require time off from work to complete their duties.

31. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code section 1102.5 *et seq.*, is to prohibit employers from: (1) implementing policies preventing employees from disclosing reasonably based suspicions of violations of state or federal statutes; (2) retaliating against employees who have disclosed reasonably based suspicions of violations of state or federal statutes to other employees with authority investigate, discover, or correct the violation or noncompliance; and (3) retaliating against employees who refuse to participate in activities that would result in violations of state or federal statutes.   This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

32. Additionally, there is in California, a fundamental and substantial public policy protecting an employee's wages, and that protection includes freedom from setoffs or the unlawful recoupment of wages as alleged herein (see e.g. Labor Code § 221).

33. As a result of Defendant's unlawful discrimination and unlawful demands for recoupment of wages following his protected service leave, and Defendant's ultimatum that Plaintiff would be fired, sued in court, and blacklisted from future contract work if he did not accede to Defendant's unlawful demands, Plaintiff's working conditions were so intolerable or aggravated at the time of the employee's resignation that any reasonable person in the employee's position would be compelled to resign.

34. Defendant was substantially motivated to force Plaintiff's resignation because he complained to management about its violations of State and Federal laws as alleged herein and/or refused to participate in illegal conduct.

35. As a direct and proximate result of his termination, Plaintiff has suffered harm including lost wages and emotional distress in an amount to be proven at trial.

36. On information and belief, in doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

Wherefore, Plaintiffs pray for judgment as set forth below.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, on behalf of herself and the proposed Plaintiffs, prays for judgment and the following specific relief against Defendant as follows:

1. That Plaintiff have and recover judgment against Defendant in an amount to be determined at trial as special and general damages for its wrongful conduct;
2. That Plaintiff have and recover a judgment against Defendant in an amount to be determined at trial for punitive damages sufficient to punish, penalize and/or deter;
3. That Plaintiff have and recover a judgment against Defendant in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorney's fees (for PLAINTIFF'S statutory causes of action).
4. That Plaintiff have and recover a judgment against Defendant in an amount to be determined at trial for all pre-judgment and post-judgment interest; and
5. That Plaintiff have such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: January 9, 2024         QUINTANA HANAFI LLP

By: /s/Ramsey Hanafi
Ramsey Hanafi
Attorney for Plaintiff