UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GENOSA, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GLOBAL K9 PROTECTION GROUP, LLC, an Alabama Limited Liability Corporation, and DOES 1 through 10,<br><br>　　　　　　　　Defendant.<br><br>GLOBAL K9 PROTECTION GROUP, LLC, an Alabama Limited Liability Corporation, and DOES 1 through 10,<br><br>　　　　　　　　Counterclaim Plaintiff,<br><br>v.<br><br>VINCENT GENOSA, an individual,<br><br>　　　　　　　　Counterclaim Defendant. | Case No.: 3:24-cv-00063-AJB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT ON CLAIMS 1 AND 2 OF PLAINTIFF'S COMPLAINT;**<br><br>**(2) DECLINING TO EXERCISE JURISDICTION OVER THE REMAINING STATE CLAIMS AND COUNTERCLAIM;**<br><br>**(3) DENYING AS MOOT ALL OTHER PENDING MOTIONS; and**<br><br>**(4) CLOSING CASE.**<br><br>**(Doc. Nos. 12, 19, 26)** |

Before the Court are Global K9 Protection Group, LLC's ("Defendant") and Vincent Genosa's ("Plaintiff") cross-motions for summary judgment in this employment action. (Doc. Nos. 12, 19.) The parties have filed their respective oppositions and replies. (Doc. Nos. 22, 23, 24, 25.) Also pending is an ex parte application to file a sur-reply and a response thereto. (Doc. Nos. 26, 27.) The Court finds the matters suitable for determination on the papers and without oral argument, and hereby **VACATES** the previously scheduled motion hearing on April 10, 2025. *See* Local Civ. R. 7.1.d.1

For the following reasons, the Court **GRANTS** Defendant's motion for summary judgment on Claims 1 and 2 of Plaintiff's Complaint, declines to exercise supplemental jurisdiction over, and thereby **DISMISSES WITHOUT PREJUDICE**, the remaining state claims and counterclaim, and **DENIES AS MOOT** all other pending motions.

## I.     BACKGROUND

Plaintiff worked for Defendant from November 2018 to February 2021. At the time of his employment, Plaintiff served in the California Army National Guard and requested military leaves of absence to fulfill his service. Defendant granted all of Plaintiff's requests for military leave. And contrary to its written policy that military leaves of absence are unpaid, Defendant compensated Plaintiff during such leave. When Defendant realized its error in 2020, it informed Plaintiff of the overpayment and sought to recoup it. Defendant asked Plaintiff to sign a Voluntary Payroll Deduction Authorization Form by a deadline and informed him that he would be terminated if he did not sign the form. Plaintiff sent Defendant a resignation letter two days before the deadline.

On January 9, 2025, Plaintiff filed a Complaint with this federal court pleading federal-question jurisdiction and the following causes of action: (1) discrimination in violation of California Military and Veterans Code § 389; (2) discrimination in violation of 38 U.S.C. § 4311; (3) retaliation in violation of California Labor Code § 1102.5; and (4) wrongful termination in violation of public policy. (Doc. No. 1, Compl. at 1, 3–7.) Defendant thereafter filed an Answer and Counterclaim to the Complaint, asserting a state

counterclaim for "Common Count: Money Had and Received." (Doc. No. 6 at 8–9.) The instant cross-motions for summary judgment follows.

## II. DISCUSSION

Defendant moved for summary judgment on all four of Plaintiff's causes of action, arguing that he cannot establish the elements of his claims. Pertinent here, Plaintiff's opposition focused solely on his state retaliation and wrongful termination claims and unequivocally stated that "[he] does not oppose Defendant's motion as to his first two claims for violations of the California Military Veteran's Code, or 38 U.S.C. § 4311" (Doc. No 22 at 4.) As Plaintiff concedes to Defendant's request for dismissal of his discrimination claims under California and federal law as without merit, the Court dismisses those claims with prejudice and grants Defendant's motion for summary judgment in this respect.

There being only state-law claims and counterclaim remaining in this suit, the Court considers whether to continue exercising supplemental jurisdiction over them. "A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C. § 1367(c)(3)). The court's decision to decline to exercise supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367(c) is informed by "values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). Additionally, the Supreme Court has stated, and the Ninth Circuit has repeated, that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (alterations omitted).

Having dismissed Plaintiff's cause of action under 38 U.S.C. § 4311—the only claim arising out of federal law—the Court declines to exercise supplemental jurisdiction over

the remaining state-law claims and counterclaim.[1] As noted, the Court may dismiss pendent state-law claims if, as here, all federal claims are dismissed before trial. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7. Moreover, the Court has not expended significant judicial resources on this matter beyond resolving the threshold concessions in the parties' cross-motions for summary judgment. Little substantive activity concerning the state-law claims and counterclaim have occurred, and the parties may refile in state court the same pleadings and briefs they have filed here. *See Artis v. D.C.*, 583 U.S. 71, 75 (2018) (interpreting 28 U.S.C. § 1367(d) and holding that the statute pauses the clock on a statute of limitations until 30 days after the state law claim is dismissed by the federal court). Lastly, as a matter of comity, this Court is a court of limited jurisdiction that should defer to the state court on the labor and employment issues that are clearly within that court's jurisdiction and expertise.

Thus, in the exercise of its discretion under 28 U.S.C. § 1367(c)(3), this Court declines to assert supplemental jurisdiction over Plaintiff's remaining state-law claims for retaliation and wrongful termination and Defendant's state-law counterclaim for common count. Accordingly, the Court dismisses those claims without prejudice to refiling in the appropriate state forum. *See* 28 U.S.C. § 1367(d).

//
//
//

---

[1] The Court notes that as Plaintiff has elected to abandon his claim under 38 U.S.C. § 4311, he has, in effect, withdrawn it from the operative complaint. In a recent case, *Royal Canin U.S.A., Inc. v. Wullschleger*, the Supreme Court explained that regardless of whether a case was removed or originally filed in federal court, "the plaintiff's excision of [his] federal-law claims deprives the district court of its authority to decide the state-law claims remaining." 604 U.S. 22, 43 (2025). The case involved a plaintiff who amended her complaint to delete all the federal law claims and left nothing but state-law claims behind. *Id.* at 25. Here, because Plaintiff's withdrawal of his federal claim effectively amends the complaint and leaves nothing but state-law claims behind, he has arguably divested the Court of its authority to hear the remaining claims and counterclaim. *See id.* at 36 ("If a plaintiff files a suit in federal court based on federal claims and later scraps those claims, the federal court cannot go forward with a now all-state-claim suit."). The Court need not, and will not, decide this issue, however, as it dismisses the remaining claims pursuant to 28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

For the reasons stated herein, the Court hereby orders:

- Defendant's motion for summary judgment is **GRANTED IN PART**. (Doc. No. 12). The Court enters summary judgment in favor of Defendant and against Plaintiff on his discrimination claims under California Military and Veterans Code § 389 (Claim 1) and under 38 U.S.C. § 4311 (Claim 2). These claims are **DISMISSED WITH PREJUDICE**.

- Pursuant to 28 U.S.C. § 1367(c)(3), the Court **DECLINES** to exercise supplemental jurisdiction over the remaining state-law claims for retaliation (Claim 3) and wrongful termination (Claim 4) and counterclaim for common count. These claims are **DISMISSED WITHOUT PREJUDICE**.

- All other pending motions are **DENIED AS MOOT**, (Doc. Nos. 19, 26), and all upcoming hearings or deadlines in this matter are **VACATED**.

- The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: March 10, 2025

Hon. Anthony J. Battaglia
United States District Judge