UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GENOSA, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>GLOBAL K9 PROTECTION GROUP, LLC, an Alabama Limited Liability Corporation, and DOES 1 through 10,<br><br>                              Defendant. | Case No.: 3:24-cv-00063-AJB-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS**<br><br>**(Doc. No. 36)** |
| GLOBAL K9 PROTECTION GROUP, LLC, an Alabama Limited Liability Corporation, and DOES 1 through 10,<br><br>                       Counterclaim Plaintiff,<br><br>v.<br><br>VINCENT GENOSA, an individual,<br><br>                       Counterclaim Defendant. | |

1

Before the Court is Vincent Genosa's ("Plaintiff") motion to retax costs. (Doc. No. 36.) Global K9 Protection Group, LLC ("Defendant") filed an opposition, to which Plaintiff replied. (Doc. Nos. 38, 39.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND

On January 9, 2025, Plaintiff filed a Complaint pleading federal-question jurisdiction and the following causes of action: (1) discrimination in violation of California Military and Veterans Code § 389; (2) discrimination in violation of 38 U.S.C. § 4311; (3) retaliation in violation of California Labor Code § 1102.5; and (4) wrongful termination in violation of public policy. (Doc. No. 1, Compl. at 1, 3–7.) After discovery, Defendant moved for summary judgment on all of Plaintiff's causes of action, arguing that he cannot establish the elements of his claims. Because Plaintiff conceded to Defendant's request for summary judgment as a matter of law on his discrimination claims under California and federal law, the Court dismissed those claims with prejudice. (Doc. No. 28 at 3.) Having dismissed Plaintiff's cause of action under 38 U.S.C. § 4311—the only claim giving rise to the Court's federal-question jurisdiction—the Court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed them without prejudice. (*Id.* at 3–4.)

Defendant thereafter filed a Bill of Costs with the Clerk, seeking reimbursement of $2,586.60 in costs associated with taking Plaintiff's deposition. (Doc. No. 32.) The Clerk taxed the entirety of the costs requested in Defendant's favor, finding them taxable under the Local Rules. (Doc. No. 35 at 2.) Plaintiff then filed the instant motion to retax costs. (Doc. No. 36.) This Order follows.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 54(d)(1) establishes that costs, other than attorneys' fees, are to be awarded to a prevailing party "as a matter of course in the ordinary case." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000). While "the rule creates a presumption in favor of awarding costs to a prevailing

party," it also "vests in the district court discretion to refuse to award costs." *Id.* at 591. The court's "discretion is not unlimited," and it "must specify reasons for its refusal to award costs." *Id.* Reasons for refusing to award costs include: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on future civil rights litigants; (4) the closeness and difficulty of the issues in the case; (5) the prevailing party's recovery was nominal or partial; (6) the losing party litigated in good faith; and (7) the case presented a landmark issue of national importance. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

The losing party bears the burden to "show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). And "[a]lthough a district court must 'specify reasons' for its refusal to tax costs to the losing party, . . . we have never held that a district court must specify reasons for its decision to abide the presumption and tax costs to the losing party." *Id.* (citation omitted).

## III.  DISCUSSION

Here, Plaintiff argues that: (1) Defendant is a not a prevailing party and (2) there are "good reasons" to deny costs. (Doc. No. 36 at 3.) The Court disagrees.

First, following summary judgment briefing, the Court dismissed with prejudice Plaintiff's state and federal discrimination claims. (Doc. No. 28 at 3, 5.) Specifically, the Court explained: "The Court enters summary judgment in favor of Defendant and against Plaintiff on his discrimination claims under California Military and Veterans Code § 389 (Claim 1) and under 38 U.S.C. § 4311 (Claim 2). These claims are **DISMISSED WITH PREJUDICE**." (*Id.* at 5 (emphasis in original).) Because "a dismissal with prejudice is tantamount to a judgment on the merits," Defendant "is clearly the prevailing party" on the dismissed claims for purposes of costs under Rule 54. *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997);[1] *see also Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009)

---

[1] This case was abrogated on other grounds by *Ass'n of Mexican-Am. Educators*, 231 F.3d at 207.

("a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court").

Second, Plaintiff has not satisfied his burden to "show why costs should not be awarded" as a matter of course. *Save Our Valley*, 335 F.3d at 945. Considering the asserted reasons for denying costs, Plaintiff's contention that awarding costs in this case would have a chilling effect on future employment civil rights cases is unavailing. Plaintiff's dismissed claims did not involve close or complex issues. Nor did they involve a landmark issue. Moreover, Defendant sought and was awarded only the costs expended to take Plaintiff's deposition: $2,586.60. The Court does not find this amount to be unreasonable or exorbitant. And the record indicates an ability to pay. (Doc. No. 36-1 at 2 (reflecting Plaintiff's discretionary income of nearly $1,000 per month).) While other state law claims remain against Defendant, it nonetheless prevailed against the entirety of Plaintiff's discrimination-based claims, on the merits, such that he is precluded from reasserting them in the future. Defendant's success in this action was, therefore, not nominal.

Based on the foregoing, Plaintiff has not satisfied his burden to "show why costs should not be awarded."[2] *Save Our Valley*, 335 F.3d at 945. *Cf. Ass'n of Mexican-Am. Educators*, 231 F.3d at 593 (finding that the district court did not abuse its discretion to deny costs in a case involving close and complex issues of the gravest public importance and affecting thousands of individuals).

## IV.   CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion to retax costs. (Doc. No. 36.)

**IT IS SO ORDERED**.

Dated: July 1, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[2] While there is no requirement that a district judge specify reasons for abiding by the presumption of awarding costs to the prevailing party, the Court nevertheless does so here in the interest of completeness. *See Save Our Valley*, 335 F.3d at 945.